Per Curiam.

In order to make out the defence, it should appear either that judgment was rendered against the defendant upon his answers, in the suit of M‘Intire against the intestate, or that M‘Intire had agreed that his demand against the intestate should be set off against the debt due from himself to the defendant. But neither of these facts appears. Whether the defendant was charged as trustee in M‘Intire’s suit, is not stated; nor does it appear that the judgment in favor of M‘Intire against the intestate has been satisfied or discharged. On the contrary, a part of the money was raised on the execution, out of the effects, we suppose, of the intestate. Nor is there any discharge of the defendant’s demand against M‘Intire. The whole transaction was unfinished and incomplete ; and when the note in suit was given, it was left in the hands of a third person, to be delivered to one or other of the parties after a settlement with M‘Intire. No such settlement has taken place. The administrator of the intestate, therefore, has a right to the note and to this action upon it. The defendant’s demand against M‘Intire remains in force ; and MTntire must look to the estate for his demand against the intestate.

Judgment for plaintiff.